UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| THOMAS HOLMAN, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | A-25-CV-00397-RP |
| | § | |
| JOHN MCMILLIN and SARAH | § | |
| BRUCHMILLER, | § | |
| Respondents. | § | |

**ORDER**

Before the Court is Thomas Holman's ("Petitioner") "Motion of Habeas Corpus § 2241"

(ECF No. 1), which the Court construes as a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241. Petitioner is currently a pretrial detainee at the Williamson County Jail (WCJ).

In his current habeas petition, Petitioner alleges the prosecutor in his pending criminal case

is tampering with and withholding evidence from him; the trial judge is aware of this issue but is

doing nothing about it; and he is being denied his right to a speedy trial. Petitioner made these

allegations in a prior § 2241 petition, *Holman v. Gleason*, No. 1:25-cv-00082-RP (W.D. Tex.

Feb. 12, 2025), as well as in a civil-rights action, *Holman v. Williamson Cnty.*, No. 1:24-cv-01165-

RP (W.D. Tex. Feb. 12, 2025). As the Court stated in dismissing Petitioner's prior § 2241 petition,

his claims are either unexhausted or barred by *Younger* abstention.

To warrant habeas relief under § 2241, a state petitioner must be in custody and must have

exhausted all available state remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484

(1973). Although exhaustion of state remedies is mandated by statute only for habeas claims under

28 U.S.C. § 2254(b), Fifth Circuit precedent holds that the federal courts should abstain from

exercising jurisdiction over pretrial habeas claims if the issues raised in the petition may be

1

resolved either by trial on the merits in the state court or by other state procedures available to the petitioner. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976). Federal habeas relief should not be used as a "pre-trial motion forum for state prisoners." *Braden*, 410 U.S. at 493. A review of state court records does not show that Petitioner has filed a writ of habeas corpus with the Texas Court of Criminal Appeals. As such, Petitioner has not exhausted his state court remedies and his habeas petition is not properly before this Court.

Further, Petitioner's habeas claims are also subject to the *Younger* abstention doctrine, which discourages federal courts from interfering with state criminal proceedings except in extraordinary circumstances where the danger of irreparable loss is both great and immediate. *Younger v. Harris*, 401 U.S. 37, 45 (1971). The purpose of the *Younger* doctrine is to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction, and to limit federal interference in the state adjudicatory process. *Cf. Braden*, 410 U.S. at 490-91.

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction over a state criminal defendant's claims when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). All prerequisites for *Younger* abstention are met regarding Petitioner's habeas claims. The Court therefore declines to exercise jurisdiction over these claims when Petitioner has an adequate opportunity to litigate them in his pending criminal case.

It is therefore **ORDERED** that Petitioner's "Motion for Habeas Corpus § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that a certificate of appealability is **DENIED**, as reasonable jurists could not debate the denial of Petitioner's motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

SIGNED this 8th day of April, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE